# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MARTIN ENWIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) FILED: APRIL 3, 2008 |
| ARTHUR HOFFMAN, M.D. and | ) 08CV1906    PH |
| UNITED STATES OF AMERICA, | ) JUDGE KENNELLY |
| | ) MAGISTRATE JUDGE NOLAN |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, MARTIN ENWIA ("ENWIA"), by his attorneys, DONALD A. SHAPIRO, LTD., and complains against the Defendants, ARTHUR HOFFMAN, M.D. ("DR. HOFFMAN") and UNITED STATES OF AMERICA ("USA") as follows:

### COUNT I—42 U.S.C. §1983—ARTHUR HOFFMAN, M.D.

1. Count I is brought for violation of the Eighth Amendment to the United States Constitution.  Jurisdiction is based on 28 U.S.C. §1331.

2. This District is the proper venue under 28 U.S.C. §1402(b) as both ENWIA and DR. HOFFMAN reside in the Northern District of Illinois, Eastern Division.

3. USA operates a prison known as the Metropolitan Correctional Center ("MCC") in Chicago, Illinois.

4. At all times relevant, DR. HOFFMAN was a physician employed by the USA as the head of prison medical services at MCC.

5. At all times relevant, ENWIA was an inmate at MCC.

6.  On or about May 2, 2006, ENWIA slipped and fell at MCC and sustained an injury to his lumbar spine.  He was thereafter seen by DR. HOFFMAN, whereupon a physician-patient relationship developed and existed at all times relevant between DR. HOFFMAN and ENWIA.

7.  It thereupon became the duty of DR. HOFFMAN to ensure that ENWIA received appropriate medical services while an inmate.  In violation of this duty, DR. HOFFMAN committed one or more of the following acts or omissions:

    a.  After returning to MCC from a brief emergency room visit at Michael Reese Hospital, ENWIA developed severe back and leg pain.  Although this was brought to DR. HOFFMAN'S attention, he nevertheless failed to send ENWIA for re-evaluation and treatment in a timely manner;

    b.  After failing to send ENWIA for timely re-evaluation after ENWIA had developed severe back and leg pain, and only after ENWIA happened to appear before a federal judge regarding his criminal case who noted ENWIA'S obvious distress and told DR. HOFFMAN to send ENWIA for medical treatment, DR. HOFFMAN finally sent ENWIA to an orthopedic surgeon, Dr. Spiros Stamelos, who at that very time was the subject of a television news investigation broadcast due to the multiple medical malpractice lawsuits that had been brought against him.  Despite ENWIA'S vehement protests and requests to be sent to another physician, DR. HOFFMAN refused to send ENWIA to a different physician.  Thereafter, Dr.

Stamelos performed a type of unconventional surgery upon ENWIA that left

him in worse condition than prior to surgery.

c.  After Dr. Stamelos performed the surgery on ENWIA and ENWIA had been

returned to DR. HOFFMAN'S care at MCC, DR. HOFFMAN failed to

prescribe pain medications for ENWIA and failed to provide to ENWIA the

pain medications that were prescribed for him by the outside physicians;

d.  Despite ENWIA being in severe post-operative pain and experiencing severe

post-operative disability following the spinal surgery performed by Dr.

Stamelos, DR. HOFFMAN failed to send ENWIA for post-operative care to a

back specialist during the approximately ten months between ENWIA'S

surgery and ENWIA'S release from prison;

e.  Despite ENWIA'S continuing need for physical therapy rehabilitation, DR.

HOFFMAN prematurely cut off ENWIA'S authority to attend physical

therapy sessions at Thorek Hospital; and

f.  DR. HOFFMAN failed to provide plaintiff with a corset that had been

prescribed for ENWIA by Dr. Stamelos.

8.  DR. HOFFMAN, in committing the acts and/or omissions stated in paragraph 7, acted

under color of law as the head of medical services at Metropolitan Correctional

Center.

9.  DR. HOFFMAN, in committing the acts and/or omissions stated in paragraph 7, acted

with malice, recklessness, and deliberate indifference to the medical needs of plaintiff

despite being aware that by committing such acts and omissions he was subjecting

ENWIA to a substantial risk of serious harm.

10. The acts and/or omissions of DR. HOFFMAN described in paragraph 7 amounted to

cruel and unusual punishment, in violation of the Eighth Amendment to the United

States Constitution.

11. As a result of these violations of his constitutional rights, plaintiff has suffered injury

and sustained damages, including but not limited to:

   a.   Pain and suffering, past and future;

   b.   Disability, past and future;

   c.   Lost wages; and

   d.   Medical expenses.

WHEREFORE, Plaintiff, MARTIN ENWIA, prays the Court to enter judgment in his

favor and against the Defendant, ARTHUR HOFFMAN, M.D. in the sum of $5,000,000 plus

interest, costs of suit and attorneys' fees.

## COUNT II—HEALING ART MALPRACTICE—UNITED STATES OF AMERICA

1. Count II is brought pursuant to the Federal Tort Claims Act.  Jurisdiction is based on

28 U.S.C. §1346.

2. This District is the proper venue under 28 U.S.C. §1402(b) as both ENWIA and DR.

HOFFMAN reside in the Northern District of Illinois, Eastern Division.

3. Prior to filing this Complaint, plaintiff exhausted his administrative remedies by filing

a claim for administrative settlement on November 29, 2006 with the United States

Department of Justice.  The United States Department of Justice denied the claim on October 11, 2007.

4. USA operates a prison known as the Metropolitan Correctional Center ("MCC") in Chicago, Illinois.

5. At all times relevant, DR. HOFFMAN was a physician employed by the USA as the head of prison medical services at MCC.

6. At all times relevant, ENWIA was an inmate at MCC.

7. On or about May 2, 2006, ENWIA slipped and fell at MCC and sustained an injury to his lumbar spine.  He was thereafter seen by DR. HOFFMAN, whereupon a physician-patient relationship developed and existed at all times relevant between DR. HOFFMAN and ENWIA.

8. Upon the commencement of a physician-patient relationship between ENWIA and DR. HOFFMAN, it became the duty of DR. HOFFMAN to possess the knowledge and exercise the skill and care that a reasonably well qualified physician would ordinarily possess and apply in similar cases under similar circumstances but in violation of this duty, DR. HOFFMAN committed one or more of the following negligent acts or omissions:

    a. After returning to MCC from a brief emergency room visit at Michael Reese Hospital, ENWIA developed severe back and leg pain.  Although this was brought to DR. HOFFMAN'S attention, he negligently failed to send ENWIA for re-evaluation and treatment in a timely manner;

b.  After failing to send ENWIA for timely re-evaluation after ENWIA had developed severe back and leg pain, DR. HOFFMAN negligently sent ENWIA to an orthopedic surgeon, Dr. Spiros Stamelos, who at that very time was the subject of a television news investigation broadcast due to the multiple medical malpractice lawsuits that had been brought against him. Thereafter, Dr. Stamelos performed a type of unconventional surgery upon ENWIA that left him in worse condition than prior to surgery.

c.  After Dr. Stamelos performed the surgery on ENWIA and ENWIA had been returned to DR. HOFFMAN'S care at MCC, DR. HOFFMAN negligently failed to prescribe pain medications for ENWIA and negligently failed to provide to ENWIA the pain medications that were prescribed for him by the outside physicians;

d.  Despite ENWIA being in severe post-operative pain and experiencing severe post-operative disability following the spinal surgery performed by Dr. Stamelos, DR. HOFFMAN failed to send ENWIA for post-operative care to a back specialist during the approximately ten months between ENWIA'S surgery and ENWIA'S release from prison;

e.  Despite ENWIA'S continuing need for physical therapy rehabilitation, DR. HOFFMAN negligently and prematurely cut off ENWIA'S authority to attend physical therapy sessions at Thorek Hospital; and

f.  DR. HOFFMAN negligently failed to provide plaintiff with a corset that had been prescribed for ENWIA by Dr. Stamelos.

9.  As a proximate result of the negligent medical treatment provided by DR.

    HOFFMAN, plaintiff has suffered injury and sustained damages, including but not

    limited to:

    a.  Pain and suffering, past and future;

    b.  Disability, past and future;

    c.  Lost wages; and

    d.  Medical expenses.

10. Under the Federal Tort Claims Act, the USA is liable for the negligent acts and/or

    omissions of DR. HOFFMAN as described herein.

11. Pursuant to 735 ILCS, §5/2-622, the Affidavit of Donald A. Shapiro is attached

    hereto as Exhibit "A" and the written report of a board certified physician is attached

    hereto as Exhibit "B."

WHEREFORE, Plaintiff, MARTIN ENWIA, prays the Court to enter judgment in his

favor and against the Defendant, UNITED STATES OF AMERICA, in the sum of $5,000,000

plus interest and costs of suit.

<u>COUNT III—NEGLIGENT INFLICTION OF EMOTIONAL<br>DISTRESS—UNITED STATES OF AMERICA</u>

1.  Count III is brought pursuant to the Federal Tort Claims Act.  Jurisdiction is based on

    28 U.S.C. §1346.

2.  This District is the proper venue under 28 U.S.C. §1402(b) as both ENWIA and DR.

    HOFFMAN reside in the Northern District of Illinois, Eastern Division.

3.  Prior to filing this Complaint, plaintiff exhausted his administrative remedies by filing

    a claim for administrative settlement on November 29, 2006 with the United States

Department of Justice.  The United States Department of Justice denied the claim on October 11, 2007.

4.   USA operates a prison known as the Metropolitan Correctional Center ("MCC") in Chicago, Illinois.

5.   At all times relevant, DR. HOFFMAN was a physician employed by the USA as the head of prison medical services at MCC.

6.   At all times relevant, ENWIA was an inmate at MCC.

7.   On or about May 2, 2006, ENWIA slipped and fell at MCC and sustained an injury to his lumbar spine.  He was thereafter seen by DR. HOFFMAN, whereupon a physician-patient relationship developed and existed at all times relevant between DR. HOFFMAN and ENWIA.

8.   At all times relevant it was the duty of DR. HOFFMAN to refrain from negligently inflicting emotional distress upon ENWIA.  In violation of this duty, DR. HOFFMAN committed one or more of the following negligent acts or omissions:

   a.   After returning to MCC from a brief emergency room visit at Michael Reese Hospital, ENWIA developed severe back and leg pain.  Although this was brought to DR. HOFFMAN'S attention, he nevertheless failed to send ENWIA for re-evaluation and treatment in a timely manner;

   b.   After failing to send ENWIA for timely re-evaluation after ENWIA had developed severe back and leg pain, and only after ENWIA happened to appear before a federal judge regarding his criminal case who noted ENWIA'S obvious distress and told DR. HOFFMAN to send ENWIA for

medical treatment, DR. HOFFMAN finally sent ENWIA to an orthopedic surgeon, Dr. Spiros Stamelos, who at that very time was the subject of a television news investigation broadcast due to the multiple medical malpractice lawsuits that had been brought against him. Despite ENWIA'S vehement protests and requests to be sent to another physician, DR. HOFFMAN refused to send ENWIA to a different physician. Thereafter, Dr. Stamelos performed a type of unconventional surgery upon ENWIA that left him in worse condition than prior to surgery.

c.   After Dr. Stamelos performed the surgery on ENWIA and ENWIA had been returned to DR. HOFFMAN'S care at MCC, DR. HOFFMAN failed to prescribe pain medications for ENWIA and failed to provide to ENWIA the pain medications that were prescribed for him by the outside physicians;

d.   Despite ENWIA being in severe post-operative pain and experiencing severe post-operative disability following the spinal surgery performed by Dr. Stamelos, DR. HOFFMAN failed to send ENWIA for post-operative care to a back specialist during the approximately ten months between ENWIA'S surgery and ENWIA'S release from prison;

e.   Despite ENWIA'S continuing need for physical therapy rehabilitation, DR. HOFFMAN prematurely cut off ENWIA'S authority to attend physical therapy sessions at Thorek Hospital; and

f.   DR. HOFFMAN failed to provide plaintiff with a corset that had been prescribed for ENWIA by Dr. Stamelos.

9.  As a result of the acts and/or omissions described in paragraph 8, ENWIA has suffered injury and sustained severe emotional distress of such intensity and duration that no reasonable person could be expected to endure it.

10. Under the Federal Tort Claims Act, the USA is liable for the negligent acts and/or omissions of DR. HOFFMAN as described herein.

WHEREFORE, Plaintiff, MARTIN ENWIA, prays the Court to enter judgment in his favor and against the Defendant, UNITED STATES OF AMERICA, in the sum of $5,000,000 plus interest and costs of suit.

## JURY DEMAND

Plaintiff, MARTIN ENWIA, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

*/s/ Matthew R. Basinger*
DONALD A. SHAPIRO, LTD.

DONALD A. SHAPIRO
MATTHEW R. BASINGER
DONALD A. SHAPIRO, LTD.
ATTORNEYS FOR PLAINTIFFS
180 NORTH LASALLE STREET
SUITE 2300
CHICAGO, ILLINOIS 60601
(312) 263-3443

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MARTIN ENWIA, )
)
    Plaintiff, )
)
v. ) Case No.
)  08CV1906 PH
ARTHUR HOFFMAN, M.D. and UNITED )  JUDGE KENNELLY
STATES OF AMERICA, )  MAGISTRATE JUDGE NOLAN
)
    Defendants. )

## AFFIDAVIT OF DONALD A. SHAPIRO PURSUANT TO 735 ILCS, SECTION 5/2-622 OF THE ILLINOIS CODE OF CIVIL PROCEDURE

DONALD A. SHAPIRO, being first duly sworn under oath, hereby deposes and states as follows:

1.    I have first hand knowledge of the matters stated herein and if called as a witness could testify competently thereto.

2.    The subject matter of this lawsuit is Defendants' failure to appropriately treat Plaintiff's spinal injury while he was in inmate at the Metropolitan Correctional Center.

3.    I have consulted and reviewed the facts of the case with a board certified orthopedic physician who I reasonably believe is knowledgeable in the relevant issues involved in the particular action, who practices or has practiced within the last six years in the same area of medicine that is at issue in this case, and who is well qualified by experience or demonstrated competence in the subject of the case.

Exhibit A

4.     The reviewing healthcare professional has determined in a written report (Exhibit B of Plaintiff's Complaint at Law), after a review of the available medical records and other relevant material involved in the particular action, that there is a reasonable and meritorious cause for the filing of such action.

5.     I have concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

FURTHER AFFIANT SAYETH NOT.

_____
DONALD A. SHAPIRO

SUBSCRIBED and SWORN to
before me this _3rd_ day
of _April_____, 2008.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
JUDITH SCHULTZ
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 06/04/2008

DONALD A. SHAPIRO
DONALD A. SHAPIRO, LTD.
180 NORTH LASALLE STREET
SUITE 2300
CHICAGO, ILLINOIS  60601
(312) 263-3443
ATTORNEY NO.  22906

March 28, 2008


Donald A. Shapiro
Donald A. Shapiro, Ltd.
180 N. LaSalle Street
Suite 2300
Chicago, Illinois 60601

RE:    Martin Enwia

Dear Mr. Shapiro:

I am an actively practicing board certified orthopedic surgeon who has long performed spinal surgery. I have reviewed the medical records and MRI films of Martin Enwia, including those of :

1.     Dr. Rene Vazquez;
2.     Dr. Arthur Hoffman;
3.     Dr. Jagan Mohan;
4.     Dr. Spiros Stamelos;
5.     Thorek Memorial Hospital;
6.     Dr. Peter Petrovas;
7.     Metropolitan Correction Center (Chicago, Illinois);
8.     Michael Reese Hospital;
9.     Dr. B. Nowakowski; and
10.    Open Advanced MRI.

It is my opinion to a reasonable degree of medical certainty that the medical care provided to Mr. Enwia by the United States Metropolitan Correctional Center's medical director, Dr. Arthur Hoffman, fell below the acceptable standard of medical care because Mr. Enwia had severe pain after he underwent an inappropriate surgical procedure which failed to alleviate his problem, yet he was never referred to an appropriate spinal surgical specialist for medical care and he was allowed to suffer and his condition was permitted to deteriorate, and did deteriorate due to Dr. Hoffman's neglect. Accordingly, there is a reasonable and meritorious basis for filing suit against Dr. Arthur Hoffman and the United States Department of Justice.


EXHIBIT   B