UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTIN ENWIA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 1906 |
| ) | |
| ARTHUR HOFFMAN, M.D., et al. ) | Judge Kennelly |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## ANSWER OF UNITED STATES

Defendant United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, for its answer to the complaint states as follows:

### First Defense

Plaintiff's alleged damages were caused in whole, or in part, by his own contributory or comparative negligence, thereby barring recovery altogether or in the alternative, mandating that any recovery be proportionately reduced.

### Second Defense

Plaintiff's alleged damages were caused in whole, or in part, by the acts or omissions of third parties, for whom the United States cannot be held liable, thereby barring recovery altogether or in the alternative, mandating that any recovery be proportionately reduced.

### Third Defense

Certain of Mr. Enwia's claims allege damages caused by operation of a quarantine and are therefore barred. 28 U.S.C. § 2680(f).

### Fourth Defense

Plaintiff's claimed damages are barred to the extent the amount sought exceeds the amount claimed administratively.  28 U.S.C. § 2675(b).

### Fifth Defense

Plaintiff's claims are barred to the extent that he has failed to mitigate his alleged damages.

### Sixth Defense

Answering the specific allegation of the complaint, the defendant United States admits, denies, or otherwise avers as follows:

### Count I – 42 USC § 1983 – Arthur Hoffman, M.D.

This count is not directed at the United States of America.  No response is therefore necessary.

### Count II – Healing Art Malpractice – United States of America

1.      Count II is brought pursuant to the Federal Tort Claims Act.  Jurisdiction is based on 28 U.S.C. § 1346.

**Response:** Admit.

2.      This District is the proper venue under 28 U.S.C. § 1402(b) as both Enwia and Dr. Hoffman reside in the Northern District of Illinois, Eastern Division.

**Response:** Admit.

3.      Prior to filing this Complaint, plaintiff exhausted his administrative remedies by filing a claim for administrative settlement on November 29, 2006 with the United States Department of Justice.  The United States Department of Justice denied the claim on October 11, 2007.

**Response:** Defendant denies that plaintiff's administrative claim was denied on October 11, 2007.  The claim was actually denied on October 10, 2007.  Defendant admits remaining allegations.

4.      USA operates a prison known as the Metropolitan Correctional Center ("MCC") in Chicago, Illinois.

**Response:** Admit.

5.      At all times relevant, Dr. Hoffman Enwia slipped and fell at MCC and sustained an injury to his lumbar spine.  He was thereafter seen by Dr. Hoffman, whereupon a physician-patient relationship developed and existed at all times relevant between Dr. Hoffman and Enwia.

**Response:** Defendant admits that on May 3, 2006, plaintiff reported to prison medical staff that he fell walking down stairs on or about May 2, 2006, and that he reported he was experiencing severe pain in his back and right leg.  Defendant further admits that Dr. Hoffman was the clinical director at MCC, and admits that plaintiff sought medical treatment for claimed injuries.  Defendant denies all remaining allegations in paragraph 5.

6.      Upon the commencement of a physician-patient relationship between Enwia and Dr. Hoffman, it became the duty of Dr. Hoffman to possess the knowledge and exercise the skill and care that a reasonably well qualified physician would ordinarily possess and apply in similar cases under similar circumstances but in violation of this duty, Dr. Hoffman committed one or more of the following negligent acts or omissions:

**Response:** Deny.

3

a.      After returning to MCC from a brief emergency room visit at Michael Reese Hospital, Enwia developed severe back and leg pain.  Although this was brought to Dr. Hoffman's attention, he negligently failed to send Enwia for re-evaluation and treatment in a timely manner;

**Response:** Defendant admits that plaintiff was sent to the emergency room at Michael Reese Hospital on May 3, 2006, and that upon his return to MCC Chicago he reported to staff that he continued to have lower back pain.  Defendant denies the remaining allegations in paragraph 8(a).

b.      After failing to send Enwia for timely re-evaluation after Enwia had developed severe back and leg pain, Dr. Hoffman negligently sent Enwia to an orthopedic surgeon, Dr. Spiros Stamelos, who at that very time was the subject of a television news investigation broadcast due to the multiple medical malpractice lawsuits that had been brought against him.  Thereafter, Dr. Stamelos performed a type of unconventional surgery upon Enwia that left him in worse condition than prior to surgery.

**Response:** Defendant admits that Dr. Hoffman referred plaintiff to Dr. Stamelos.  Defendant denies remaining allegations in paragraph 8(b).

c.      After Dr. Stamelos performed the surgery on Enwia and Enwia had been returned to Dr. Hoffman's care at MCC, Dr. Hoffman negligently failed to prescribe pain medications for Enwia and negligently failed to provide to Enwia the pain medications that were prescribed for him by the outside physicians;

**Response:** Deny.

d.      Despite Enwia being in severe post-operative pain and experiencing severe post-operative disability following the spinal surgery performed by Dr. Stamelos, Dr. Hoffman failed to send Enwia for post-operative care to a back specialist during the approximately ten months between Enwia's surgery and Enwia's release from prison;

**Response:** Deny.

e.      Despite Enwia's continuing need for physical therapy rehabilitation, Dr. Hoffman negligently and prematurely cut off Enwia's authority to attend

physical therapy sessions at Thorek Hospital; and

**Response:** Deny.

f.    Dr. Hoffman negligently failed to provide plaintiff with a corset that had been prescribed for Enwia by Dr. Stamelos.

**Response:** Deny.

7.    As a proximate result of the negligent medical treatment provided by Dr. Hoffman, plaintiff has suffered injury and sustained damages, including but not limited to:
a.    Pain and suffering, past and future;
b.    Disability, past and future;
c.    Lost wages; and
d.    Medical expenses.

**Response:** Deny.

8.    Under the Federal Tort Claims Act, the USA is liable for the negligent acts and/or omissions of Dr. Hoffman as described herein.

**Response:** Deny.

9.    Pursuant to 735 ILCS, §5/2-622, the Affidavit of Donald A. Shapiro is attached hereto as Exhibit "A" and the written report of a board certified physician is attached hereto as Exhibit "B."

**Response:** No response necessary.

Wherefore, Plaintiff, Martin Enwia, prays the Court to enter judgement in his favor and against the Defendant, United States of America, in the sum of $5,000,000 plus interest and cost of suit.

**Response:** No response necessary.

**Count III – Negligent Infliction of Emotional Distress – United States of America**

1.    Count III is brought pursuant to the Federal Tort Claims Act.  Jurisdiction is based on 28 U.S.C. § 1346.

**Response:** Admit.

2.      This District is the proper venue under 28 U.S.C. § 1402(b) as both Enwia and Dr. Hoffman reside in the Northern District of Illinois, Eastern Division.

**Response:** Admit.

3.      Prior to filing this Complaint, plaintiff exhausted his administrative remedies by filing a claim for administrative settlement on November 29, 2006 with the United States Department of Justice.  The United States Department of Justice denied the claim on October 11, 2007.

**Response:** Defendant denies that plaintiff's administrative claim was denied on October 11, 2007.  The claim was actually denied on October 10, 2007.  Defendant admits remaining allegations.

4.      USA operates a prison known as the Metropolitan Correctional Center ("MCC") in Chicago, Illinois.

**Response:** Admit.

5.      At all times relevant, Dr. Hoffman was a physician employed by the USA as the head of prison medical services at MCC.

**Response:** Admit.

6.      At all times relevant, Enwia was an inmate at MCC.

**Response:** Admit.

7.      On or about May 2, 2006, Enwia slipped and fell at MCC and sustained an injury to his lumbar spine.  He was thereafter seen by Dr. Hoffman, whereupon a physician-patient relationship developed and existed at all times relevant between Dr. Hoffman and Enwia

**Response:** Defendant admits that on May 3, 2006, plaintiff reported to prison medical staff that he fell walking down stairs on or about May 2, 2006, and that he reported he was experiencing severe pain in his back and right leg.  Defendant further admits that Dr. Hoffman was the clinical director at MCC, and admits that plaintiff sought medical treatment for claimed injuries.  Defendant denies all remaining allegations in paragraph

6

5.

8.    At all times relevant it was the duty of Dr. Hoffman to refrain from negligently inflicting emotional distress upon Enwia.  In violation of this duty, Dr. Hoffman committed one or more of the following negligent acts or omissions:

**Response:**  Deny.

a.    After returning to MCC from a brief emergency room visit at Michael Reese Hospital, Enwia developed severe back and leg pain.  Although this was brought to Dr. Hoffman's attention, he nevertheless failed to send Enwia for re-evaluation and treatment in a timely manner;

**Response:** Defendant admits that plaintiff was sent to the emergency room at Michael Reese Hospital on May 3, 2006, and that upon his return to MCC he reported to staff that he continued to have lower back pain.  Defendant denies the remaining allegations in paragraph 8(a).

b.    After failing to send Enwia for timely re-evaluation after Enwia had developed severe back and leg pain, and only after Enwia happened to appear before a federal judge regarding his criminal case who noted Enwia's obvious distress and told Dr. Hoffman to send Enwia for medical treatment, Dr. Hoffman finally sent Enwia to an orthopedic surgeon, Dr. Spiros Stamelos, who at that very time was the subject of a television news investigation broadcast due to the multiple medical malpractice lawsuits that had been brought against him.  Despite Enwia's vehement protests and requests to be sent to another physician, Dr. Hoffman refused to send Enwia to a different physician.  Thereafter, Dr. Stamelos performed a type of unconventional surgery upon Enwia that left him in worse condition than prior to surgery.

**Response:** Defendant admits that Dr. Hoffman referred plaintiff to Dr. Stamelos.  Defendant denies remaining allegations in paragraph 8(b).

c.    After Dr. Stamelos performed the surgery on Enwia and Enwia had been returned to Dr. Hoffman's care at MCC, Dr. Hoffman failed to prescribe pain medications for Enwia and failed to provide to Enwia the pain medications that were prescribed for him by the outside physicians;

**Response:** Deny.

     d.    Despite Enwia being in severe post-operative pain and experiencing severe post-operative disability following the spinal surgery performed by Dr. Stamelos, Dr. Hoffman failed to send Enwia for post-operative care to a back specialist during the approximately ten months between Enwia's surgery and Enwia's release from prison;

**Response:** Deny.

     e.    Despite Enwia's continuing need for physical therapy rehabilitation, Dr. Hoffman prematurely cut off Enwia's authority to attend physical therapy sessions at Thorek Hospital; and

**Response:** Deny.

     f.    Dr. Hoffman failed to provide plaintiff with a corset that had been prescribed for Enwia by Dr. Stamelos.

**Response:** Deny.

9.    As a result of the acts and/or omissions in paragraph 8, Enwia has suffered injury and sustained severe emotional distress of such intensity and duration that no reasonable person could be expected to endure it.

**Response:** Deny.

10.    Under the Federal Tort Claims Act, the USA is liable for the negligent acts and/or omissions of Dr. Hoffman as described herein.

**Response:** Deny.

Wherefore, Plaintiff, Martin Enwia, prays the Court to enter judgement in his favor and against the Defendant, United States of America, in the sum of $5,000,000 plus interest and cost of suit.

**Response:** No response necessary.

## JURY DEMAND

Plaintiff, Martin Enwia, hereby demands a trial by jury pursuant to Federal Rule of Civil

Procedure 38(b) on all issues so triable.

**Response:** No response necessary.


Respectfully submitted,
PATRICK J. FITZGERALD
United States Attorney


By:  s/ Amanda A. Berndt
AMANDA A. BERNDT
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-1413
Amanda.Berndt@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**ANSWER**

was served on June 9, 2008, in accordance with FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.


s/ Amanda A. Berndt
AMANDA A. BERNDT
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois
(312) 353-1413
Amanda.Berndt@usdoj.gov