UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTIN ENWIA ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 1906 |
| v. ) | |
| ) | Judge Kennelly |
| ARTHUR HOFFMAN, M.D., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT ARTHUR HOFFMAN'S
MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS**

**Introduction**

Plaintiff Martin Enwia has filed this action against the United States and Arthur Hoffman, M.D., alleging that the medical care he received while an inmate at the Metropolitan Correctional Center in Chicago was both negligent and violated the Eighth Amendment. In addition to asserting claims against the United States under the Federal Tort Claims Act, Enwia is seeking damages from defendant Dr. Hoffman in his individual capacity.

Enwia's claim against Dr. Hoffman (Count I of the complaint) alleges that Dr. Hoffman's treatment of Enwia's back and leg pain violated the Eighth Amendment's ban on cruel and unusual punishment. While the complaint states in conclusory terms that Dr. Hoffman acted with deliberate indifference to Enwia's serious medical needs, the facts pled in support of this claim do not give rise to a claim that Enwia's constitutional rights were violated. At most, the facts support a claim for negligence or medical malpractice, which can be brought only against the United States under the Federal Tort Claims Act. Additionally, the claim against Dr. Hoffman, a federal employee, should

be dismissed based on the defense of qualified immunity, as the alleged facts do not establish that Dr. Hoffman acted in violation of "clearly established" law.

## Argument

I. **Enwia's Complaint Fails to Plead Facts Sufficient to Establish an Eighth Amendment Violation.**

In order to properly state a claim that his Eighth Amendment rights were violated, Enwia must allege: (1) that he was suffering from an objectively serious medical need; and (2) that Dr. Hoffman was deliberately indifferent to that condition. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (*citing Farmer v. Brennan*, 511 U.S. 825 (1994)). *See also Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Deliberate indifference to a serious medical need has been defined as conduct "so grossly incompetent, or excessive as to shock the conscience or to be intolerable to fundamental fairness . . . ." *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986); *see also Wilson v. Seiter*, 501 U.S. 294 (1991). Negligence, gross negligence, or acts constituting medical malpractice are not sufficient to invoke the Eighth Amendment. *Vance v. Peters*, 97 F.3d at 992. The Supreme Court, more importantly, has made clear that a plaintiff must establish that the defendant intended that serious injury occur or that the defendant was subjectively aware that his conduct created a substantial risk of serious injury. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court should consider whether the complaint's "factual allegations" are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). In *Twombly*, the Supreme Court added considerable bite to Rule 12(b)(6) pleading standards by confirming that a plaintiff's

complaint must render his "entitlement to relief plausible." *Twombly*, 127 S.Ct. at 1973 n.14. Conclusory allegations, without "enough facts to state a claim to relief that is plausible on its face[,]" therefore, no longer suffice to state a claim under Rule 12(b)(6). *Twombly*, 127 S.Ct. at 1974.

Enwia's Eighth Amendment claim against Dr. Hoffman must be dismissed under the *Twombly* standard, as he has not alleged facts sufficient to support a claim that Dr. Hoffman was deliberately indifferent to his medical needs. Instead, Enwia's own allegations establish that Dr. Hoffman sent Enwia to an emergency room following his alleged injury, monitored his condition over time, and sought specialized medical treatment for Enwia once his condition did not improve. Complaint ¶¶ 6-7. Enwia's allegations further establish that Dr. Hoffman continued to monitor and provide treatment, through both medication and physical therapy, to Enwia following his consultation with an orthopedic surgeon and resulting surgical procedure. Compl. ¶ 7. Apart from a single conclusory allegation, Enwia has not alleged any facts that could support a claim of deliberate indifference on the part of Dr. Hoffman.

The careful wording of the complaint, moreover, makes clear that Enwia simply disagrees with the course of treatment decided upon by Dr. Hoffman. For example, Enwia does not allege that Dr. Hoffman deliberately failed to respond to Enwia's complaints or send him for treatment of his leg and back pain; instead, he alleges that medical attention he received was brief and not as timely as he would have liked. Minor delays in medical treatment, however, do not violate the Eighth Amendment. *See Gutierrez v. Peters*, 111 F.3d at 1374 (no deliberate indifference by prison officials when plaintiff waited six days to see doctor for infected cyst). Enwia also does not allege that Dr. Hoffman refused to provide Enwia with specialized care when it became appropriate to do so; instead, the complaint merely alleges that Enwia didn't approve of the doctor to whom he was

referred.  Finally, he does not allege that Dr. Hoffman failed to provide Enwia with physical therapy and rehabilitation; rather, he alleges only that such treatment was "prematurely cut off[,]" in his opinion.  Such allegations, which amount to nothing more than disagreements with the timing or course of his treatment, do not constitute a cognizable Eighth Amendment claim.  *See, e.g., Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996) ("*Estelle* requires us to distinguish between 'deliberate indifference to serious medical needs' of prisoners, on the one hand, and 'negligence in diagnosing or treating a medical condition,' on the other.") (*quoting Estelle v. Gamble*, 429 U.S. at 106).  The pleaded facts in this case hardly amount to a claim for negligence, let alone a violation of the Eighth Amendment.  The claim against Dr. Hoffman in his individual capacity, therefore, should be dismissed for failure to state a claim.

II.    **Dr. Hoffman Is Entitled to Qualifed Immunity Because His Conduct as Alleged Did Not Violate "Clearly Established" Law.**

Enwia's complaint against Dr. Hoffman should also dismissed pursuant to Rule 12(b)(6) based on the defense of qualified immunity, because Enwia cannot demonstrate that Dr. Hoffman violated a law that was "clearly established" at the time.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity is a defense which provides an immunity from suit, not merely a defense to liability.  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Once the defense of qualified immunity is raised, a plaintiff must produce a "quantum of proof" that the defendant has violated the constitution and that the defense of absolute immunity is not available because the illegality of the conduct was clearly established at the time.  *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

The Supreme Court has "emphasized that qualified immunity questions should be resolved at the earliest possible stage of a litigation."  *Anderson v. Creighton*, 483 U.S. at 646 n.6.  "One of

the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed on those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). The Supreme Court has therefore stressed that qualified immunity is a threshold legal defense to be decided by the court before discovery. *See Siegert v. Gilley*, 500 U.S. at 231.

Enwia's complaint fails to support a claim that Dr. Hoffman violated "clearly established" law or that a reasonable official, acting in the circumstances faced by Dr. Hoffman and possessing the same knowledge, could not have believed his conduct to be lawful. Even assuming the facts alleged by Enwia to be true, the complaint at most alleges a claim for negligence, not a constitutional violation. As discussed above, Enwia does not allege that he was denied treatment, or that his condition was ignored by Dr. Hoffman. Even if the facts support a claim of negligence or medical malpractice, however, Dr. Hoffman is entitled to qualified immunity because the claim does not amount to a clearly established constitutional violation.

**Conclusion**

For the foregoing reasons, Count I of the complaint, directed against Arthur Hoffman, M.D. should be dismissed.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Amanda A. Berndt
    AMANDA A. BERNDT
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois  60604
    (312) 353-1413
    amanda.berndt@usdoj.gov