UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTIN ENWIA, <br><br> Plaintiff, <br><br> v. <br><br> ARTHUR HOFFMAN, M.D., et al. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 08 C 1906 <br><br> Judge Kennelly |

## ANSWER OF ARTHUR HOFFMAN, M.D.

Defendant Arthur Hoffman, M.D., by his attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, for his answer to the complaint states as follows:

### First Defense

Plaintiff's alleged damages were caused in whole, or in part, by his own contributory or comparative negligence, thereby barring recovery altogether or in the alternative, mandating that any recovery be proportionately reduced.

### Second Defense

Plaintiff's alleged damages were caused in whole, or in part, by the acts or omissions of third parties, for whom the United States cannot be held liable, thereby barring recovery altogether or in the alternative, mandating that any recovery be proportionately reduced.

### Third Defense

Certain of Mr. Enwia's claims allege damages caused by operation of a quarantine and are therefore barred. 28 U.S.C. § 2680(f).

**Fourth Defense**

Plaintiff's claim against Dr. Hoffman is barred by qualified immunity.

**Fifth Defense**

Plaintiff's claims are barred to the extent that he has failed to mitigate his alleged damages.

**Sixth Defense**

Answering the specific allegation of the complaint, the defendant Arthur Hoffman, M.D. admits, denies, or otherwise avers as follows:

**Count I – 42 USC § 1983 – Arthur Hoffman, M.D.**

1.   Count I is brought for violation of the Eighth Amendment to the United States Constitution. Jurisdiction is based on 28 U.S.C. § 1331.

**Response:** Admit.

2.   This District is the proper venue under 28 U.S.C. § 1402(b) as both Enwia and Dr. Hoffman reside in the Northern District of Illinois, Eastern Division.

**Response:** Admit.

3.   USA operates a prison known as the Metropolitan Correctional Center ("MCC") in Chicago, Illinois.

**Response:** Admit.

4.   At all times relevant, Dr. Hoffman was a physician employed by the USA as the head of prison medical services at the MCC.

**Response:** Admit.

5.   At all times relevant, Enwia was an inmate at MCC.

**Response:** Admit.

6.    On or about May 2, 2006, Enwia slipped and fell at MCC and sustained an injury to his lumbar spine.  He was thereafter seen by Dr. Hoffman, whereupon a physician-patient relationship developed and existed at all times relevant between Dr. Hoffman and Enwia.

**Response:** Defendant admits that on May 3, 2006, plaintiff reported to prison medical staff that he fell walking down stairs on or about May 2, 2006, and that he reported he was experiencing severe pain in his back and right leg.  Defendant further admits that Dr. Hoffman was the clinical director at MCC, and admits that plaintiff sought medical treatment for claimed injuries.  Defendant denies all remaining allegations in paragraph 5.

7.    It thereupon became the duty of Dr. Hoffman to ensure that Enwia received appropriate medical services while an inmate. In violation of this duty, Dr. Hoffman committed one or more of the following acts or omissions:

   a.    After returning to MCC from a brief emergency room visit at Michael Reese Hospital, Enwia developed severe back and leg pain.  Although this was brought to Dr. Hoffman's attention, he nevertheless failed to send Enwia for re-evaluation and treatment in a timely manner;

   b.    After failing to send Enwia for timely re-evaluation after Enwia had developed severe back and leg pain, and only after Enwia happened to appear before a federal judge regarding his criminal case who noted Enwia's obvious distress and told Dr. Hoffman to send Enwia for medical treatment, Dr. Hoffman finally sent Enwia to an orthopedic surgeon, Dr. Spiros Stamelos, who at that very time was the subject of a television news investigation broadcast due to the multiple medical malpractice lawsuits that had been brought against him.  Despite Enwia's vehement protests and requests to be sent to another physician, Dr. Hoffman refused to send Enwia to a different physician. Thereafter, Dr. Stamelos performed a type of unconventional surgery upon Enwia that left him in worse condition than prior to surgery.

   c.    After Dr. Stamelos performed the surgery on Enwia and Enwia had been returned to Dr. Hoffman's care at MCC, Dr. Hoffman failed to prescribe pain medications for Enwia and failed to provide to Enwia the pain medications that were prescribed for him by the outside physicians;

   d.    Despite Enwia being in severe post-operative pain and experiencing severe post-operative disability following the spinal surgery performed by Dr. Stamelos, Dr.

Hoffman failed to send Enwia for post-operative care to a back specialist during the approximately ten months between Enwia's surgery and Enwia's release from prison;

 e. Despite Enwia's continuing need for physical therapy rehabilitation, Dr. Hoffman prematurely cut off Enwia's authority to attend physical therapy sessions at Thorek Hospital; and

 f. Dr. Hoffman failed to provide plaintiff with a corset that had been prescribed for Enwia by Dr. Stamelos.

**Response:** Defendant admits that plaintiff was sent to the emergency room at Michael Reese Hospital on May 3, 2006, that plaintiff reported to staff upon his return that he had continued back pain, and that Dr. Hoffman referred plaintiff to Dr. Stamelos. Defendant denies the remaining allegations in Paragraph 7.

8. Dr. Hoffman, in committing the acts and/or omissions stated in paragraph 7, acted under the color of law as the head of medical services at Metropolitan Correctional Center.

**Response:** Defendant admits that Dr. Hoffman was, at all relevant times, head of medical services at Metropolitan Correctional Center. Defendant denies all remaining allegations in paragraph 8.

9. Dr. Hoffman, in committing the acts and/or omissions stated in paragraph 7, acted with malice, recklessness, and deliberate indifference to the medical needs of plaintiff despite being aware that by commiting such acts and omissions he was subjecting Enwia to a substantial risk of serious harm.

**Response:** Deny.

10. The acts and/or omissions of Dr. Hoffman described in paragraph 7 amounted to cruil and unusual punishment, in violation of the Eighth Amendment to the United States Constitution.

**Response:** Deny.

11.     As a result of these violations of his constitutional rights, plaintiff has suffered injury and sustained damages, including but not limited to:

    a.     Pain and suffering, past and future;
    b.     Disability, past and future;
    c.     Lost wages; and
    d.     Medical expenses.

**Response:** Deny.

### Count II – Healing Art Malpractice – United States of America

This count is not directed at Arthur Hoffman, M.D. No response is therefore necessary.

### Count III – Negligent Infliction of Emotional Distress – United States of America

This count is not directed at Arthur Hoffman, M.D. No response is therefore necessary.

### JURY DEMAND

Plaintiff, Martin Enwia, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

**Response:** No response necessary.

...

WHEREFORE, defendant Arthur Hoffman, M.D., having fully answered, hereby prays that this court dismiss plaintiff's complaint with prejudice, enter judgment in his favor and against plaintiff with costs and with such further relief as may be appropriate.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Amanda A. Berndt
    AMANDA A. BERNDT
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois  60604
    (312) 353-1413
    amanda.berndt@usdoj.gov